IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Patent Group LLC,<br>    Relator | § § § | |
| v. | § § | Civil Action No._____ |
| Universal Electronics, Inc.,<br>Cequel Communications, LLC<br>d/b/a Suddenlink Communications,<br>and Time Warner Cable Inc.<br>    Defendants | § § § § § § | Jury Trial Demanded |

### *QUI TAM* COMPLAINT FOR FALSE MARKING

Relator Patent Group, LLC ("Relator"), for its Complaint against Universal Electronics, Inc., Cequel Communications, LLC d/b/a Suddenlink Communications, and Time Warner Cable, Inc. (collectively "Defendants") alleges as follows:

### INTRODUCTION

This is a lawsuit brought under the private attorney general provisions of the patent laws for recovery under Section 292, Title 35 of the United States Code, for penalties payable to the United States for falsely marked products as covered by United States Patents with the intent to deceive others. Defendants have falsely marked certain of their remote control devices as protected by a patent that is not in force and does not cover the devices. Defendants have done so with the intent to deceive others and deter them from competing or purchasing competitive products.

A patent monopoly is a powerful exception to the principles of full and fair competition that protect markets, consumers, and competitors upon which the United States economy is based. The patent laws are a complex regulatory scheme, that conflict with antitrust and other

laws, which must be balanced to protect the public. As with the antitrust laws, the United States has created a private attorney general system for the detection and enforcement of abuses of parts of the patent laws. Here, Section 292 of the patent laws allows a litigant acting as a private attorney general to sue in *qui tam* for false marking of a product, with one half of the recovery going to the United States. As a practical matter, the United States has little ability to otherwise police false marking and must rely on private litigant enforcement.

For simple devices or products, often times patents on specific features are the primary or main bar to new competition. Here Defendants have engaged in a pattern and practice of marking and advertising their universal remote control devices with at least one expired patent in violation of Section 292 of Title 35 of the United States Code. Defendants proudly boast on the products themselves that the devices are patented, suggesting that the products so marked are not available from others and/or similar products are an infringement of their patents. Yet at least one patent marked on significant products is not in force and is falsely marked in violation of Title 35, Section 292 of the United States Code.

## THE PARTIES

1. Relator is a limited liability company organized and existing under the laws of the State of Texas.

2. Defendant Universal Electronics, Inc. is a Delaware corporation that can be served through its registered agent at CT Corporation System, 818 West 7th Street, Los Angeles, California, 90017.

3. Defendant Cequel Communications, LLC d/b/a Suddenlink Communications is a Delaware corporation that can be served through its registered agent at CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4. Defendant Time Warner Cable Inc. is a Delaware corporation that can be served through its registered agent at CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## NATURE OF THE ACTION

5. This is an action for false marking arising under 35 U.S.C. § 292 of the patent laws of the United States.

6. Relator has standing to bring this action under Article III of the United States Constitution and 35 U.S.C. § 292.  Under the terms of the statute, "any person" may bring an action for its enforcement.  As a member of the public, Relator has suffered the deleterious economic effects caused by Defendants' conduct which deceives the public and inhibits competition in the marketplace.  Furthermore, Relator has standing to bring this claim because the United States has suffered an injury in fact causally connected to Defendants' conduct that is likely to be redressed by this Court.

7. As set forth in detail below, Defendants have violated 35 U.S.C. § 292 by falsely marking and advertising, or causing or contributing to the false marking and advertising of products that list expired patent numbers or claim to be patented.

8. The expiration date of a U.S. Patent is not readily ascertainable by members of the public at the time of the product purchase.  The patent number itself does not provide members of the public with the expiration date of the patent. Basic information about a patent, such as the filing, issue and priority dates associated with a particular U.S. patent number are available at, for example, the website of the United States Patent and Trademark Office ("USPTO"). However, access to the Internet is necessary to retrieve that information (meaning that a consumer may not have the ability to retrieve the information, especially while he is making a

purchasing decision) and even after retrieving that information, it does not include the expiration date of a patent.  Rather, a member of the public must also conduct a burdensome legal analysis, requiring specific knowledge of U.S. Patent laws regarding patent term expiration.  Notably, a correct calculation of the expiration date must also account for at least:  a) any term extensions granted by the USPTO, which may or may not be present on the face of the patent, and b) whether or not the patent owner has paid the necessary maintenance fees.

9. Defendants could have no reasonable belief that the products identified below were properly marked.  Thus, the false marking was done with the intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Relator's false marking claims under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants by virtue of, inter alia, their persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through its sales in Tyler, Texas.

12. This Court has personal jurisdiction over Defendants because, inter alia, Defendants have violated 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas.  Further, on information and belief, Defendants have sold falsely marked universal remote control devices in competition with sellers of competitive products in the Eastern District of Texas.  Upon information and belief, such sales by Defendants are substantial, continuous and systematic.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## COUNT I - U.S. PATENT NO. 4,959,810 - EXPIRED PATENT

14. For this Count, Relator repeats the allegations of Paragraphs 1-13.

15. U.S. Patent No. 4,959,810 ("the '824 patent"), entitled "Universal Remote Control Device" issued on Sept. 25, 1990.

16. Upon information and belief, Defendants mark and advertise, and have marked and advertised, products with the '810 patent number, including, but not limited to their entire line of universal remote controls, which includes various models of the Atlas DVR-1056 attached as Exhibit A to this Complaint.

17. Defendants cause or contribute to the marking and advertising of products with the '810 patent number, including, but not limited to, the products identified in paragraph 16.

18. The '810 patent is an expired patent.

19. Upon information and belief, the '810 patent expired on December 2, 2007.

20. Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents. Defendants also have extensive experience manufacturing and advertising products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

21. Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '810 patent would expire on December 2, 2007.

22. Defendants knew or should have known that the term of the '810 patent expired on December 2, 2007.

23. Defendants do not currently own or have a license to the '810 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '810 patent.

24. Upon information and belief, Defendants knew or should have known that the '810 patent had already expired at the same time Defendants were marking and advertising products with the '810 patent, including the products identified in Paragraph 16.

25. Defendants knew they did not own or have a license to the '810 patent at the same time Defendants were marking and advertising products with the '810 patent, including the product identified in Paragraph 16.

26. Defendants know, or at least reasonably should know, that the '810 patent no longer covers the products identified in Paragraph 16, or any products whatsoever.

27. Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

28. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '810 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition.

29. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely benefitted in at least maintaining their market share with respect to the herein described universal remote control Devices in the marketplace.

30. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of the products described herein to be inflated above normal market levels, and have caused the public to pay this inflated price.

31. The public deception, and/or competitive harm caused by each of the Defendants false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 35 U.S.C. § 292, Relator respectfully requests:

A.  A judgment that Defendants have falsely marked products in violation of 35 U.S.C. § 292;

B.  An accounting of the number, sales and revenue of any falsely marked articles not presented at trial;

C.  A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292(a)-(b) in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

D.  An Award of pre-judgment and post-judgment interest on any monetary award;

E.  An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292(a);

F.  An award of attorneys fees, costs, other expenses and an enhancement of damages and penalties; and

G.  All other just and equitable relief.

## JURY DEMAND

Relator requests trial by jury on all appropriate issues.

Dated: December 22, 2010                     Respectfully submitted,

*/s/ Stafford Davis*
**Stafford Davis**
*Lead Counsel*
State Bar No. 24054605
sdavis@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000

**D. NEIL SMITH**
State Bar No. 00797450
**DEREK GILLILAND**
State Bar No. 24007239
**JOHN HULL**
State Bar No. 24050791
**ED CHIN**
State Bar No. 50511688
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (fax)
dneilsmith@mac.com
dgilliland@nixlawfirm.com
johnhull@nixlawfirm.com
edchin@me.com


ATTORNEY FOR RELATOR
PATENT GROUP, LLC